UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>                                Plaintiff(s),<br><br>    v.<br><br>CANYON WILLOW OWNERS ASSOCIATION, et al.,<br><br>                                Defendant(s). | Case No. 2:16-CV-203 JCM (CWH)<br><br>ORDER |

Presently before the court is plaintiff Federal National Mortgage Association's motion for leave to file its first amended complaint. (ECF No. 30). Plaintiff hopes "to add causes of action for constitutional and statutory violations stemming from the HOA foreclosure sale that gave rise to the original Complaint" in light of the Ninth Circuit's recent decision in *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016).[1] (ECF No. 30).

Federal Rule of Civil Procedure 15(a)(2) states: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Moreover, "[a] district court determines the propriety of a motion to amend by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility. Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citation omitted). Indeed, "where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it

---

[1] The Ninth Circuit decided that case after plaintiff filed its original complaint. *See Bourne Valley Court Trust*, 832 F.3d at 1154; *see also* (ECF No. 1).

**James C. Mahan**
**U.S. District Judge**

is an abuse of discretion to deny [a motion to amend.]" *Howey v. United States*, 481 F.2d 1187, 1190–91 (9th Cir. 1973).

Upon review of the instant motion and the corresponding proposed amended complaint, this motion will be granted. (ECF Nos. 30, 30-1). Because plaintiff asserts these new allegations in light of a recently published, highly relevant decision by the Ninth Circuit, this court finds that there is neither bad faith nor undue delay for the complaint's amendment. *See Griggs*, 170 F.3d at 880. Moreover, the new claims in the amended complaint arise from essentially the same set of facts as those of the original complaint—thereby producing minimal prejudice to the defendant—and the amendment does not appear to be futile. *See Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004); *Griggs*, 170 F.3d at 880.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for leave to file an amended complaint (ECF No. 30) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff shall have seven (7) days from the date of this order to file the amended complaint.

DATED January 30, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -