UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Plaintiff(s),<br><br>v.<br><br>CANYON WILLOW OWNERS ASSOCIATION, et al.,<br><br>Defendant(s). | Case No. 2:16-CV-203 JCM (CWH)<br><br>ORDER |

Presently before the court is defendant Canyon Willow Owners Association's (the "HOA") motion to dismiss plaintiff Federal National Mortgage Association's ("Fannie Mae") amended complaint. (ECF No. 38). Fannie Mae filed a response (ECF No. 42), and the HOA filed a reply (ECF No. 52).

## I. Introduction

This action involves the parties' property interests in the real estate at 3085 Casey Drive, Unit 201, Las Vegas, Nevada 89120. (ECF No. 35). Essentially, Fannie Mae challenges the defendants' conduct surrounding the February 2, 2013, foreclosure sale and seeks to preserve its pre-sale interest in the property.[1] (*Id.*).

Fannie Mae alleges the following causes of action against the HOA: (1) declaratory relief under the Fifth and Fourteenth Amendments' due process clauses; (2) wrongful foreclosure; and (3) violation of Nevada Revised Statute ("NRS") § 116.1113, *et seq.* (*Id.*).

---

[1] LN Management LLC Series 3085 Casey 201 ("LN Management") is also a defendant in this action. (ECF No. 35).

James C. Mahan
U.S. District Judge

## II. Legal Standard

The court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although rule 8 does not require detailed factual allegations, it does require more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, a formulaic recitation of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citation omitted). Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Id.* at 678–79.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* When a complaint pleads facts that are merely consistent with a defendant's liability, and shows only a mere possibility of entitlement, the complaint does not meet the requirements to show plausibility of entitlement to relief. *Id.*

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss. *Id.* First, the court must accept as true all of the allegations contained in a complaint. However, this requirement is inapplicable to legal conclusions. *Id.* Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not

unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

As an initial matter, Fannie Mae has submitted evidence that the HOA and it have completed mediation with the Nevada Real Estate Division, pursuant to NRS 38.330.[2] (ECF No. 25-3). Thus, no exhaustion analysis is necessary here.

#### A. *Wrongful foreclosure*

"A wrongful foreclosure claim may lie 'if the trustor or mortgagor can establish that at the time . . . the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure.'" *Bank of Am., N.A. v. S. Valley Ranch Cmty. Ass'n*, No. 2:16-cv-01013-KJD-CWH, 2016 WL 4168733, at *3 (D. Nev. Aug. 4, 2016) (quoting *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983)). Indeed, the question at the heart of a wrongful foreclosure claim is whether a defendant had the authority to proceed with the foreclosure process. *See McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013).

Unlike in *Collins* and *McKnight*, the plaintiff here is an agency subject to federal statute that restricts other parties' right to foreclose on its property interests. (ECF No. 35) (referring to the Housing and Economic Recovery Act of 2008, 12 U.S.C. § 4617 ("HERA")).

HERA established the Federal Housing Finance Agency ("FHFA") to regulate Fannie Mae, Freddie Mac, and Federal Home Loan Banks. *See* Pub. L. No. 110–289, 122 Stat. 2654, codified at 12 U.S.C. § 4511, *et seq.* In September 2008, FHFA placed Fannie Mae into conservatorship "for the purpose of reorganizing, rehabilitating, or winding up [its] affairs." 12 U.S.C. § 4617(a)(2); (ECF No. 35). As conservator, FHFA immediately succeeded to "all rights, titles, powers, and privileges" of Fannie Mae. 12 U.S.C. § 4617(b)(2)(A)(i). Moreover, Congress granted FHFA exemptions to carry out its statutory functions—specifically, in acting as conservator, "[n]o property of [FHFA] shall be subject to levy, attachment, garnishment,

---

[2] Notably, the letter of unsuccessful mediation signed by the ADR facilitator acknowledges the presence of Fannie Mae and the HOA; LN Management is not mentioned in that document. (ECF No. 25-3).

James C. Mahan
U.S. District Judge

- 3 -

1 **foreclosure**, or sale without the consent of [FHFA], nor shall any involuntary lien attach to the property of [FHFA]." 12 U.S.C. § 4617(j)(3) (emphasis added).

The court in *Skylights LLC v. Fannie Mae*, 112 F. Supp. 3d 1145, 1148 (D. Nev. 2015), addressed the application of 12 U.S.C. § 4617(j)(3) and held that the plain language of § 4617(j)(3) prohibits property of FHFA from being subject to foreclosure without FHFA's consent.

Fannie Mae, through HERA, was placed into conservatorship on September 6, 2008. (ECF No. 35). Fannie Mae also acquired an interest in the relevant property on December 6, 2012. (*Id.*). Consequently, FHFA's interest in the property precedes the February 3, 2013, foreclosure sale. (*Id.*). Thus, Fannie Mae's interest cannot be extinguished without consent for the same from FHFA.

Relevantly, the HOA argues that Fannie Mae's inaction before the foreclosure sale signifies its implied consent to the same. (ECF No. 38). However, this district has previously rejected this argument upon analysis of HERA. *Opportunity Homes, LLC v. Fed. Home Loan Mortg. Corp.*, 169 F. Supp. 3d 1073, 1078 (D. Nev. 2016) (holding that "[t]he statutory scheme's objectives and policies also support the conclusion that more than mere silence and inaction would be required to constitute consent" and recognizing that "FHFA has already issued a statement that it has not consented to any HOA foreclosure sales extinguishing its interests.").

Additionally, defendant has asserted no persuasive federal law showing that Fannie Mae's inaction overrides HERA. *See* (ECF No. 38). Moreover, FHFA is the entity that must consent to the property transaction, not Fannie Mae. *See* 12 U.S.C. §§ 4502(2), 4617(j)(3).

Therefore, at this stage of the litigation, Fannie Mae may assert a tort claim in this court based upon its allegation that the HOA had no authority to foreclose on Fannie Mae's property.[3]

. . .

. . .

---

[3] This claim was first brought within the applicable limitations period. *Bank of Am., N.A. v. Sunrise Ridge Master Homeowners Ass'n*, No. 2:16-cv-381-JCM-VCF, 2017 WL 1293977, at *2 (D. Nev. Mar. 10, 2017) (citing Nev. Rev. Stat. § 11.190(3)(a)). There is also no issue of timeliness for the other claims because the amended complaint relates back to the date of the original complaint, pursuant to Federal Rule of Civil Procedure 15(c)(1)(B), and no statute of limitations is implicated. *See Bank of Am., N.A.*, 2017 WL 1293977 at *2.

### B. NRS 116.1113

Fannie Mae's NRS 116.1113 claim fails because the amended complaint is simply too vague as to how the facts alleged therein give the HOA notice of its purported failure to uphold its "obligation of good faith." Nev. Rev. Stat. § 116.1113; *see also Iqbal*, 556 U.S. at 677–79; (ECF No. 35).

### C. Constitutional claim

The HOA's motion asserts only one argument against Fannie Mae's due process claim for quiet title: that the Nevada Supreme Court's holding in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortg., a Div. of Wells Fargo Bank, N.A.*, 388 P.3d 970, 971 (Nev. 2017), that due process rights are not violated by Nevada's HOA foreclosure system should control here—not the Ninth Circuit's contrary holding in *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016), *cert. denied*, No. 16-1208, 2017 WL 1300223 (U.S. June 26, 2017) ("*Bourne Valley*").

Indeed, in *Bourne Valley*, the Ninth Circuit held that NRS 116.3116's "opt-in" notice scheme, which required an HOA to alert a mortgage lender that it intended to foreclose only if the lender had affirmatively requested notice, facially violated mortgage lenders' constitutional due process rights. *Bourne Valley*, 832 F.3d at 1157–58.

Therefore, this court declines to follow the Nevada Supreme Court's recent decision in *Saticoy Bay*, as clear, recent, and binding precedent exists to resolve this issue. *See id.*; *see also Bayview Loan Servicing, LLC v. SFR Investments Pool 1, LLC*, No. 2:14-cv-1875-JCM-GWF, 2017 WL 1100955, at *4 (D. Nev. Mar. 22, 2017). This court disagrees with the essential thesis of the HOA's argument for dismissal of Fannie Mae's due process claim; therefore, that claim will not be disturbed by the instant motion. *See* (ECF No. 38).

Even if the court were inclined to accept the HOA's reliance on *Saticoy Bay* to attack the quiet title claim, plaintiff Fannie Mae presents a special circumstance—as discussed above—because a federal statute is relevant to the property interests in this case. *See* 12 U.S.C. § 4617(j)(3).

### IV. Conclusion

In sum, Fannie Mae's wrongful foreclosure and constitutional claims survive the instant motion. However, Fannie Mae's NRS 116.1113 claim will be dismissed for vagueness.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the HOA's motion to dismiss (ECF No. 38) be, and the same hereby is, GRANTED without prejudice as to the NRS 116.1113 claim and DENIED as to the wrongful foreclosure and constitutional claims.

DATED August 1, 2017.

/s/ James C. Mahan
UNITED STATES DISTRICT JUDGE