# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Plaintiff(s),<br><br>v.<br><br>CANYON WILLOW OWNERS ASSOCIATION, et al.,<br><br>Defendant(s). | Case No. 2:16-CV-203 JCM (CWH)<br><br>ORDER |

Presently before the court is plaintiff Federal National Mortgage Association's ("Fannie Mae") motion for summary judgment. (ECF No. 36). Defendants Canyon Willow Owners Association ("the HOA") and LN Management LLC Series 2085 Casey 201 ("LN Management") filed responses (ECF Nos. 48, 50), and Fannie Mae filed a reply (ECF No. 54).

### I. Introduction

This action involves the parties' interests in real property located at 3085 Casey Drive, Unit 201, Las Vegas, Nevada, 89120 ("the property"). (ECF No. 35).

*a. Plaintiff's interest in the property*

On September 21, 2004, Jenny Alvarez obtained title to the property via a grant, bargain, and sale deed, recorded on October 1, 2004. *Id.* Also on September 21, 2004, Alvarez obtained a loan from Republic Mortgage LLC ("RM") for $118,400 to purchase the property. *Id.* Alvarez executed a promissory note in favor of RM, as well as a deed of trust to secure repayment of the loan. *Id.* The deed of trust, recorded on October 1, 2004, listed RM as the lender and Mortgage

**James C. Mahan**
**U.S. District Judge**

Electronic Registration Systems, Inc. ("MERS") as the beneficiary solely as nominee for the lender and the lender's successors and assigns.[1] *Id.*

On May 22, 2012, MERS recorded a corporate assignment of deed of trust to Green Tree Servicing, LLC ("GTS"). *Id.* On June 29, 2012, a substitution of trustee was recorded, appointing National Default Servicing Corporation as trustee under the deed of trust. *Id.*

Alvarez subsequently failed to make her monthly mortgage payments, sending the loan into default. *Id.* On July 20, 2012, the trustee recorded a notice of default and election to sell under deed of trust. *Id.* On November 6, 2012, the trustee recorded a certificate of foreclosure from the Nevada Foreclosure Mediation Program. *Id.* On November 6, 2012, the trustee recorded a notice of trustee sale, setting a sale date of November 28, 2012. *Id.* On November 28, 2012, the trustee conducted a trustee's sale and sold the property to plaintiff. *Id.* On December 6, 2012, the trustee recorded a trustee's deed upon sale in favor of plaintiff. *Id.* Also on December 6, 2012, GTS recorded a "corporation assignment of deed of trust," transferring the beneficial interest in the deed of trust from GTS to plaintiff. *Id.*

  *b. Defendants' interest in the property*

On August 8, 2012, Red Rock Financial Services ("RRFS"), on behalf of the HOA, recorded a lien for delinquent assessments, asserting an outstanding amount owed as of August 3, 2012, of $1,446.70. *Id.* On September 28, 2012, RRFS recorded a notice of default and election to sell, asserting an outstanding amount owed as of September 27, 2012, of $2,605.82. *Id.* On January 17, 2013, RRFS recorded a notice of foreclosure sale, setting a sale date of February 2, 2013. *Id.* On February 2, 2013, the HOA allegedly foreclosed against the property. *Id.* 3085 Casey 201 Trust was the purchaser at the foreclosure sale. *Id.* On May 23, 2013, Iyad Haddad, as trustee for 3085 Casey 201 Trust, quitclaimed the property for no consideration to defendant LN Management. *Id.*

. . .

. . .

---

[1] Plaintiff alleges that it "subsequently" acquired ownership of the loan, including the note and deed of trust. (ECF No. 35).

**James C. Mahan**
**U.S. District Judge**

*c. Plaintiff's complaint*

Plaintiff challenges defendants' conduct surrounding the February 2, 2013, HOA foreclosure sale and seeks to preserve its pre-sale interest in the property. *Id.* Plaintiff alleges the following relevant causes of action against the HOA: (1) declaratory relief under the Fifth and Fourteenth Amendments' due process clauses; and (2) quiet title.[2] *Id.*

## II. Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). Moreover, "[i]n such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *Id.*

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that

---

[2] Plaintiff's complaint also alleges wrongful foreclosure, unjust enrichment, and violation of NRS 116.1113. (ECF No. 35). As plaintiff's motion for summary judgment requests judgment on its declaratory relief and quiet title claims, those claims are the focus of the instant order.

party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

### III. Discussion

In the instant motion, plaintiff argues that summary judgment in its favor is proper as to its claims for declaratory relief and quiet title because the federal foreclosure bar preempts contrary state law. (ECF No. 36). Defendant Canyon Willow Owners Association argues that summary judgment is improper as plaintiff has failed to show that the foreclosure sale from which it obtained its interests was a valid sale under 12 U.S.C. § 4617(b). (ECF No. 48). Defendant LN Management argues summary judgment is improper as (1) plaintiff was late in posting its security of costs; and (2) defendant has not been given sufficient time to conduct discovery related to the instant dispute. (ECF No. 50).

HERA established FHFA to regulate Fannie Mae, Freddie Mac, and Federal Home Loan Banks. *See* Pub. L. No. 110–289, 122 Stat. 2654, codified at 12 U.S.C. § 4511 *et seq.* In September 2008, FHFA placed Fannie Mae and Freddie Mac into conservatorships "for the purpose of reorganizing, rehabilitating, or winding up [their] affairs." 12 U.S.C. § 4617(a)(2). As conservator, FHFA immediately succeeded to "all rights, titles, powers, and privileges" of Fannie Mae and Freddie Mac. 12 U.S.C. § 4617(b)(2)(A)(i). Moreover, Congress granted FHFA exemptions to carry out its statutory functions—specifically, in acting as conservator, "[n]o property of [FHFA] shall be subject to levy, attachment, garnishment, foreclosure, or sale without

**James C. Mahan**
**U.S. District Judge**

- 4 -

the consent of [FHFA], nor shall any involuntary lien attach to the property of [FHFA]." 12 U.S.C. § 4617(j)(3).

In *Skylights LLC v. Fannie Mae*, 112 F. Supp. 3d 1145 (D. Nev. 2015), the court addressed the applicability of 12 U.S.C. § 4617(j)(3) and held that the plain language of § 4617(j)(3) prohibits property of FHFA from being subjected to a foreclosure without its consent. *See also Saticoy Bay, LLC v. Fannie Mae*, No. 2:14-CV-01975-KJD-NJK, 2015 WL 5709484 (D. Nev. Sept. 29, 2015) (holding that 12 U.S.C. § 4617(j)(3) preempts NRS 116.3116 to the extent that a HOA's foreclosure of its super-priority lien cannot extinguish a property interest of Fannie Mae while those entities are under FHFA's conservatorship).

Since *Skylights*, this court has consistently held that 12 U.S.C. § 4617(j)(3) prohibits property of FHFA from foreclosure absent agency consent. *See, e.g., 1597 Ashfield Valley Trust v. Fed. Nat. Mortg. Ass'n System*, case no. 2:14-cv-02123-JCM-CWH, 2015 WL 4581220, at *7 (D. Nev. July 28, 2015). Recently, the Ninth Circuit also held that the federal foreclosure bar applies to private foreclosure sales and "supersedes the Nevada superpriority lien provision." *See Berezovsky v. Moniz*, 869 F.3d 923, 929, 931 (9th Cir. 2017).

Here, a trustee's deed upon sale was recorded on December 6, 2012, in favor of plaintiff. Pursuant to § 4617(b)(2)(A)(i), FHFA, as conservator, immediately succeeded to all rights, titles, powers, and privileges of plaintiff. See 12 U.S.C. § 4617(b)(2)(A)(i). Therefore, FHFA held an interest in the deed of trust as conservator for plaintiff prior to the HOA foreclosure sale on February 2, 2013.

FHFA did not consent to the extinguishment of plaintiff's property interest through the HOA foreclosure sale. Thus, the plain language of § 4617(j)(3) prevents the HOA's foreclosure on the property from extinguishing the deed of trust.

Plaintiff has demonstrated that its purchase of the property at the foreclosure sale was a valid exercise of authority under 12 U.S.C. § 4617. As plaintiff notes in its reply, the HOA offers an incorrect reading of the statute. Fannie Mae's charter grants it the authority to "lease, purchase, or acquire any property, real personal, or mixed, or any interest therein." 12 U.S.C. § 1723a. Further, HERA authorizes the conservator to "operate the regulated entity," 12 U.S.C. §

James C. Mahan
U.S. District Judge

- 5 -

4617(b)(2)(B), and "take any action as may be . . . appropriate to carry on the business of the regulated entity." Id. § 4617(b)(2)(D). This includes the purchase of real property.[3]

Defendant's arguments regarding 12 U.S.C. § 4617(b)(2)(H) are irrelevant when considering the legal questions presented in plaintiff's motion for summary judgment. 12 U.S.C. § 4617(b)(2)(H) states,

> The Agency, as conservator or receiver, shall, to the extent of proceeds realized from the performance of contracts or sale of the assets of a regulated entity, pay all valid obligations of the regulated entity that are due and payable at the time of the appointment of the Agency as conservator or receiver, in accordance with the prescriptions and limitations of this section.

While this section creates a duty on behalf of the agency to pay obligations of the regulated entity, an alleged failure to do so does not affect the regulated entity's interest in the underlying property. Therefore, defendant's allegation that the FHFA did not pay outstanding HOA dues does not impact plaintiff's claim of superior title to the property.

Defendant LN Management's arguments against summary judgment are similarly unavailing. Plaintiff filed its security of costs in August of 2016, well before it filed the instant motion for summary judgment. The court will not dismiss plaintiff's complaint for its slight delay in posting security. *See Biscay v. MGM Resorts Int'l*, 352 P.3d 1148, 1150 (Nev. 2015) ("Until the case is dismissed . . . the plaintiff is still free to file the security. . . . Because dismissal is a harsh penalty, it should be imposed as a sanction only in extreme circumstances.").

Further, defendants' argument regarding insufficient time to conduct discovery does not preclude summary judgment in this case. Here, there are no disputes of material fact that would preclude summary judgment. The major points of contention in this case were issues of law, and the Ninth Circuit's recent decision in *Berezovsky* firmly foreclosed defendants' primary argument that § 4617 does not preempt NRS 116.

Plaintiff obtained its interest in the property prior to the alleged HOA foreclosure sale. As plaintiff was subject to conservatorship at the time of the alleged foreclosure, and the agency did

---

[3] Furthermore, even assuming defendant's reading of the statute, Fannie Mae alleges an interest in real property that pre-dates the foreclosure sale, *see* (ECF No. 35).

not consent to foreclosure, plaintiff's interest in the property survived the alleged foreclosure. Plaintiff is entitled to summary judgment on its declaratory relief and quiet title claims.[4]

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for summary judgment (ECF No. 36) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff shall prepare a proposed judgment consistent with this order and submit it to the court within thirty (30) days of the filing of this order.

DATED January 4, 2018.

                                                                           */s/ James C. Mahan*
UNITED STATES DISTRICT JUDGE

---

[4] The court will not address plaintiff's wrongful foreclosure, unjust enrichment, or NRS 116.1113 claims, which appear to be pled in the alternative and are not addressed in plaintiff's motion for summary judgment.

James C. Mahan
U.S. District Judge

- 7 -